The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
345 Wyoming Ave., STE 205,
Scranton, PA 18503
Phone: (570) 319-6642

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Raymond Wilcox,<br><br>Plaintiff,<br>v.<br><br>N.V. Bekaert S.A. t/a Bridon-American Corporation a/k/a Bridon-Bekaert Ropes Group,<br><br>Defendant. | Electronically Filed NO.:<br><br>Judge:<br><br>Civil Action Law<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**AND NOW,** come the Plaintiff, Raymond Wilcox, by and through his attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

**I. INTRODUCTION**

1. Plaintiff initiates this action to seek redress against N.V. Bekaert S.A. t/a Bridon-American Corporation a/k/a Bridon-Bekaert Ropes Group (hereinafter "Defendant"), his former employer, for unlawful age discrimination (Age Discrimination in Employment Act, hereinafter ADEA), Violations of the Pennsylvania Human Relations Act (hereinafter PHRA)

and violations of other applicable laws.

## II. PARTIES

2. Plaintiff is an adult and competent individual residing at 3950 Chase Road, Shavertown, PA 18708.

3. Defendant, N.V. Bekaert S.A. t/a Bridon-American Corporation a/k/a Bridon-Bekaert Ropes Group, is a foreign business corporation with a place of business located at 280 New Commerce BLVD., Hanover Township, PA 18706.

## III. JURISDICTION

4. Defendant is an "employer" within the meaning of the ADEA, as it engaged in an industry affecting interstate commerce and because it maintained or maintains twenty (20) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5. Defendant is an "employer" within the meaning of the Pennsylvania Human Relations Act, as it maintained or maintains four (4) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

6. Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7. Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendants can be served in the District.

8. This court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28

U.SC. § 1367.

9. Plaintiff has exhausted his administrative remedies, having received an EEOC Dismissal and Notice of Rights on July 17, 2026, and attached hereto as **Exhibit A**.

10. Plaintiff reserves the right to amend this Complaint to include a charge under the PHRA once his filing at the PHRC has pended for a year (May 6, 2027).

## IV. FACTUAL BACKGROUND

11. Plaintiff was born in April of 1962, making him over 40 years of age at all times relevant hereto.

12. Plaintiff was employed by Defendant on the furnace line for approximately 23 years.

13. On March 10, 2026, Plaintiff was ordered to go home before the conclusion of his shift by foreman, Ron V. (last name unknown), and Shop Steward, Matt Bobkowski, wherein they informed him that a coworker, Carl (last name unknown) had accused Plaintiff of threatening to punch him. Plaintiff notes that the environment on the furnace line is very loud, and that he had not threatened to punch anyone.

14. Plaintiff left in accordance with the instructions he was given, and left a voicemail message for Jessie F., the Chairman of the Union complaining of the action.

15. On March 11, 2026, Plaintiff received a call from Roberto, his boss, stating that his employment was terminated effective immediately.

16. Prior to any allegation that Plaintiff threatened a coworker, Plaintiff was training a man named Aaron (last name unknown), who is substantially younger than him, it is estimated that Aaron is in his late 20's.

17. Subsequent to the termination of Plaintiff's employment, Plaintiff received a call from Aaron informing him that he (Aaron) had been asked to take Plaintiff's place.

18. Subsequent to the termination of Plaintiff's employment, Plaintiff spoke with Human Resources, who were under the impression that Plaintiff's employment had been suspended for two days, and were fully unaware that Plaintiff's employment had been terminated.

**COUNT I.**

**AGE DISCRIMINATION**

**PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)**

19. Paragraphs 1 through 18 above are incorporated herein by reference as if the same were set forth fully herein and at length.

20. Plaintiff was at all relevant times over of 40 years age, having been born in April of 1962.

21. Plaintiff was qualified for the position he held, and his job performance was always satisfactory, which is evidenced by his 23-year tenure, experience, and training.

22. Plaintiff's employment was terminated without any reasonable basis.

23. Plaintiff has been replaced by a significantly younger person, Aaron who is estimated to be in his late 20's.

24. Plaintiff's termination was motivated by his age, which is evidenced in part, by the fact he was training his significantly younger replacement prior to any allegation of wrongdoing.

25. The employer did not have a legitimate, non-discriminatory reason for Plaintiff's termination.

26. The reason given for Plaintiff's termination was a pretext for the real reason which is Plaintiff's age, this too is evidenced in part, by the fact Plaintiff was unwittingly training his replacement.

WHEREFORE, Plaintiff respectfully requests judgement in his favor and against Defendant, and an award of compensatory damages, back pay, front pay, the value of lost benefits, punitive damages, costs, attorney's fees, and such other relief as may be just, proper, and appropriate in the circumstances of this case.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.

By: s/Gerald J. Hanchulak
Gerald J. Hanchulak, Esq.
Attorney ID # 56320
Attorney for Plaintiff

(570) 319-6642
ghanchulak@hanchulaklaw.com
345 Wyoming Ave., Suite 205,
Scranton, PA 18503